■ LONG ISLAND BOTTLE GAS AND SUPPLY CORP., Appellant, v TOWN OF SMITHTOWN, Respondent. (Action No. 1.) LONG

ISLAND BOTTLE GAS AND SUPPLY CORP., Appellant, v TOWN OF BROOKHAVEN, Respondent. (Action No. 2.) [672 NYS2d 426] —In consolidated actions for a judgment declaring, *inter alia*, that certain portions of the Town Code of Smithtown and the Town Code of Brookhaven, respectively, are unconstitutional, Long Island Bottle Gas and Supply Corp., the plaintiff in both actions, appeals from an order and judgment (one paper)· of the Supreme Court, Suffolk County (Cannavo, J.), entered September 10, 1996, which, upon denying the plaintiff's motion for summary judgment, and granting the defendants' respective cross motions for summary judgment, dismissed the complaints.

Ordered that the order and judgment is modified by deleting therefrom the provision granting the defendants' respective cross motions for summary judgment and dismissing the complaints and substituting therefor a provision denying the cross motions; as so modified, the order and judgment is affirmed, with one bill of costs to the plaintiff, and the complaints are reinstated.

On a motion for summary judgment, the party seeking summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of a material issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). The failure to make such a showing requires a denial of the motion regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The defendants have failed to submit evidentiary proof demonstrating that compliance with the respective Town Codes did not present an "obstacle" to compliance with the Federal statute (*see, National Tank Truck Carriers v Burke,* 535 F Supp 509, *affd* 698 F2d 559). They further failed to establish that the fees charged by them for compliance with the local regulations were fair (*see,* 49 CFR 107.202 [c]). Thus, they failed to make the required prima facie showing of their entitlement to summary judgment. The Supreme Court should therefore have denied their respective cross motions for summary judgment.

We note that the defendants' argument that the Federal Transportation of Hazardous Material Act (*see,* 49 USC § 5101 *et seq.*) has no application to the provisions of their respective Town Codes regarding transportation permit fees and certificates of fitness requirements is without merit. Miller, J. P., Pizzuto, Goldstein and Florio, JJ., concur.